# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

### STATE OF TENNESSEE v. JOHN N. PORTERFIELD

**Appeal from the Criminal Court for Shelby County**
**No. 90-16535, 91-04192    Paula L. Skahan, Judge**

_____

**No. W2016-01012-CCA-R3-CD  -  Filed April 28, 2017**

_____


The Defendant, John N. Porterfield, appeals the trial court's denial of his motion to correct an illegal sentence pursuant to Rule 36.1 of the Tennessee Rules of Criminal Procedure.  Because the challenged sentences are expired, the Defendant is not entitled relief.  Accordingly, we affirm the judgment of the trial court pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed Pursuant to Court of Criminal Appeals Rule 20

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.

Joseph A. Crone, Memphis, Tennessee, for the appellant, John N. Porterfield.

Herbert H. Slatery III, Attorney General and Reporter, and Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

The Defendant is appealing the denial of his motion to correct an illegal sentence. *See* Tenn. R. Crim. P. 36.1.  The record has been filed, and appointed counsel moves this court to withdraw pursuant to Court of Criminal Appeals Rule 22.  Counsel contends this appeal is frivolous under *Anders v. California*, 386 U.S. 738 (1967).  The Defendant did not respond to counsel's motion, and the time for doing so has now expired.  Having reviewed the entire record on appeal, including counsel's motion to withdraw and the accompanying *Anders* brief, the court agrees that this appeal is frivolous.

On April 22, 1991, the Defendant pled guilty to aggravated robbery and received a sentence of twelve years in prison.  On June 5, 1991, the Defendant pled guilty to sale of

cocaine and received a sentence of eight years in prison to be served concurrent to his sentence for his aggravated robbery conviction.

On July 24, 2015, the Defendant filed a pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. He alleged that his sentences were statutorily required to be served consecutively rather than concurrently because he was out on bond for the aggravated robbery charge when he was arrested for the sale of cocaine. *See* Tenn. Code Ann. § 40-20-111(b). He argued that because his sentences were illegal, the judgments should be vacated. He also argued that his pleas were unknowing and involuntary, contending that he would have not pled guilty had he known that he should have been sentenced consecutively.

The trial court subsequently entered an order appointing counsel and setting the matter for a hearing. On April 20, 2016, the trial court entered an order finding that the sentences challenged by the Defendant had expired and denying the Defendant's motion.

Tennessee Rule of Criminal Procedure 36.1 allows a defendant to "seek the correction of an illegal sentence by filing a motion to correct an illegal sentence in the trial court in which the judgment of conviction was entered." Tenn. R. Crim. P. 36.1(a). The rule defines an illegal sentence "one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." *Id.* The Tennessee Supreme Court recently addressed "whether Rule 36.1 expands the scope of relief available . . . by permitting either the defendant or the State to correct expired illegal sentences." *State v. Brown*, 479 S.W.3d 200, 205 (Tenn. 2015). Our supreme court held that "Rule 36.1 does not expand the scope of relief and does not authorize the correction of expired illegal sentences. Therefore, a Rule 36.1 motion may be summarily dismissed for failure to state a colorable claim if the alleged illegal sentence has expired." *Id*. at 211.

The record reflects that the Defendant's sentences expired long before he filed his Rule 36.1 motion. Accordingly, we conclude the trial court properly denied the Defendant's Rule 36.1 motion.

For this reason, the trial court's judgment is hereby affirmed pursuant to Court of Criminal Appeals Rule 20. Furthermore, counsel's motion to withdraw is hereby granted. As directed by Rule 22(F), the Court hereby notifies the Defendant that he has a right to file a pro se application for permission to appeal to the Tennessee Supreme Court within sixty days. *See* Tenn. R. App. P. 11. Because the Defendant is indigent, costs are taxed to the State.

_____
JOHN EVERETT WILLIAMS, JUDGE